# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Hamad Al Bazergan,<br>Petitioner,<br>v.<br>Donald J Trump, et al.,<br>Respondents. | No. CV-25-03171-PHX-JJT (JFM)<br>**ORDER** |

Petitioner Al Bazergan filed a Petition for Writ of Habeas Corpus Under § 2241 and Complaint for Declaratory and Injunctive Relief and an Ex Parte Motion for Temporary Restraining Order. (Docs. 1-2.) The Court will deny the request for an ex parte TRO but will require Respondents to answer the Petition and motion for injunctive relief.

Petitioner names President Donald J. Trump; United States Immigration and Customs Enforcement; Executive Office of Immigration Review; CoreCivic, Inc.; Department of Homeland Security Secretary Kristi Noem; Immigrations and Customs Enforcement Field Office Director John Cantu and Acting Director Todd Lyons; Eloy Detention Center Warden Fred Figueroa; and United States Attorney General Pam Bondi as Respondents. (Doc. 1 ¶¶ 12-16.)

Petitioner states he is an Iraqi citizen who arrived in the United States in 1990 as a visitor with a B-2 visa. (Doc. 1 ¶ 10.) A removal order was entered against him on April 17, 2013. Petitioner was detained by immigration authorities on January 12, 2016. Petitioner ultimately was granted deferral of removal under the Convention Against

Torture in October 2017 and he was released from detention in February 2018. (*Id.* ¶ 24.) In October 2018, DHS issued an Order of Supervision; petitioner has reported to ICE since his release from detention and has not violated the terms of his Order of Supervision. (*Id.* ¶ 25.) Petitioner was redetained on July 23, 2025. (*Id.* ¶ 25.) Counsel for Petitioner contacted the detention facility indicated Petitioner was detained pending removal to a "safe third country." (*Id.* ¶ 28.) Counsel was later informed "all of [Petitioner's] previous cases were cancelled, and that his previous immigration status (deferral of removal under the Convention Against Torture) was not valid, and that if he wanted to fight his deportation, he would have to hire an attorney and start over." (*Id.* ¶ 30.) Counsel for Petitioner also communicated to the facility that he has significant health problems (including signs of dementia) that prevent him from understanding or signing any paperwork. (*Id.* ¶ 27.) He presents nine claims for relief: his redetention violates the APA and mandatory regulations; his arrest violated mandatory regulations; his detention violates *Zadvydas v. Davis*, 8 U.S.C. § 1231, and his Fifth Amendment procedural and substantive due process rights; and removal to a third country without notice violates his statutory rights and the Convention Against Torture.

Petitioner also moves for an ex parte temporary restraining order directing his immediate release from detention, enjoining Respondents from redetaining him without a hearing before a neutral decisionmaker, and enjoining his removal to a third country without notice and an opportunity to seek relief. (Doc. 2.) A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). *See also* LRCiv 65.1 ("Ex parte restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure."). Petitioner does not submit a declaration in support of his request for TRO.

Petitioner therefore does not establish he will suffer irreparable injury before Respondents can be heard in opposition and has not certified the "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Nor does Petitioner establish he is likely to suffer irreparable injury before Respondents can be heard in opposition. Because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(B), the Court will deny the motion to the extent it seeks relief without notice.

The Court will require Respondents to answer the Petition and motion to the extent it seeks relief with notice.

**IT IS ORDERED:**

(1) Petitioner's Motion for Ex Parte Temporary Restraining Order (Doc. 2) is **denied without prejudice**. The request for a Temporary Restraining Order with notice remains pending.

(2) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition and Motion for Temporary Restraining Order and Preliminary Injunction to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(5) The clerk of court must immediately transmit by email a copy of this order and a copy of the petition and motion for injunctive relief (Docs. 1, 2) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

   (6) Respondents must respond the Motion for Temporary Restraining Order and Preliminary Injunction no later than **September 5, 2025**. Petitioner may file a reply no later than **September 9, 2025**.

   (7) Respondents must answer the petition within **twenty (20) days** of the date of service.

   (8) Petitioner may file a reply within **ten (10) days** from the date of service of the answer.

   Dated this 29th day of August, 2025.

                *[signature]*
             Honorable John J. Tuchi
             United States District Judge